## JOHN S. BRADBURY

*v.*

## CLARA A. HELMS.

1. CONTRACT—*when implied, to pay for services.* If services are performed for one at his instance and request, or are rendered under circumstances showing that he requested and accepted the same, in the absence of all proof of a contract under which such services were performed the law will imply a promise on his part to pay what the services were reasonably worth.

2. MEASURE OF DAMAGES—*under special contract.* If services are rendered under a special contract, and the compensation therein provided has been received, the party performing the services can not recover anything further, no matter what such services were worth.

APPEAL from the Circuit Court of Clark county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was a suit by the appellee against John S. Bradbury, administrator of the estate of Peter H. Bradbury, deceased, upon a claim filed in the county court of Clark county for services, etc., and taken by appeal to the circuit court, where, a trial being had, it resulted in a verdict and judgment in favor of the claimant for the sum of $1000, to reverse which this appeal was taken.

Messrs. WILKIN & WILKIN, and Messrs. DULANEY & GOLDEN, for the appellant.

Messrs. WHITEHEAD & JONES, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

Instruction number one, given on behalf of the plaintiff, and which was excepted to by the defendant, is not liable to any serious objection. If the services sued for were rendered at the instance and request of Bradbury, or were rendered under circumstances showing that he requested and accepted such services, in the absence of all proof of a contract under which the services were rendered the law would imply a promise on the part of Bradbury to pay plaintiff what the services rendered were reasonably worth. The instruction, in substance, announces this principle, and we fail to perceive in what manner the jury could have been misled by it.

The point, however, mainly relied upon to reverse the judgment is, that the verdict of the jury was contrary to the evidence.

The case originated in the county court of Clark county, where the plaintiff presented a claim against the estate of Peter H. Bradbury, deceased, for the sum of $2710.60. The principal item in the claim was one for eleven years' services rendered by the plaintiff to Bradbury in his lifetime, from 1864 to 1875. It appears that the plaintiff lived with and kept house for Bradbury, who was a farmer and a man without a family, for the time alleged, and also assisted him in

taking care of his stock and in doing such work as was necessary in the house and on the farm, and it is apparent, from the evidence, that she was a faithful servant, and that her services were valuable. But it is contended, on behalf of the estate, that the services were rendered under a contract, by which Bradbury agreed to board the plaintiff and her two small children, and furnish her certain material for clothing for herself and children, for the services rendered, and there was much evidence introduced on behalf of the estate tending to establish the contract.

Angeline Preston, a witness for the estate, testified, that "plaintiff came to Bradbury's a few days before I left; she told me all her things had been burned in Crawford county, where she had been living; she said she was going to live with Bradbury as one of the family, and work for her board and clothes for herself and children; she had two children, one about four months old and the other four or five years old; I saw her afterwards, and she told me just what she did before, and she said the reason she did it was to get a home for herself and children where she could keep them together."

A number of other witnesses were called, who testified to conversations with the plaintiff while she was with Bradbury, and after she left, which tended to establish the fact that the services she had rendered were under a contract, as sworn to by the witness Angeline Preston.

Francis McCue testified: In a conversation with plaintiff "she told me she got nothing for her work for Bradbury; that her contract was, that she got her board and clothing for herself and children."

Nicholas Whitaker testified: "I had a talk with the plaintiff nine or ten years ago, at Bradbury's house; she said she had come to Bradbury's to make that her home for herself and children; I asked her what else she got; she said nothing, —that she was a lone woman, and came there to get a home for herself and children."

Amanda McClure testified she had conversations, at differ-
ent times, with plaintiff in the fall of 1873, and at other times
while she was at Bradbury's, in reference to the terms on
which she was staying with Peter H. Bradbury. "She told
me she was not getting wages for her work; that she only got
her board and the boarding for her children, and wool for the
woolen clothes for herself and children; that she had time to
work up the wool, and Bradbury paid for the weaving, and
that was all she was to get for the work, according to their
agreement."

Robert Plunket testified: "I have heard plaintiff say, at
different times, that she only got board for herself and two
children."

The evidence of these several witnesses, introduced by the
defendant for the purpose of establishing a contract under
which the services of the plaintiff were rendered, does not
seem to have been impeached or in any manner overcome by
the plaintiff. She, it is true, denies some of the conversations
testified to, and does not remember others. We find, how-
ever, no direct proof in the record that the deceased ever
promised to pay the plaintiff anything for services.

There was evidence of declarations of Bradbury, after plain-
tiff left his place, which tended to establish that he was in-
debted to her. James Hall testified: "I had a conversation
with Bradbury the day plaintiff left him; he said he wanted
to overtake her and help her drive her stock; he said she had
his note, and he wanted to get it; he said he owed her $1500
besides."

There was some other evidence proving admissions of Brad-
bury, after plaintiff left him, to the effect that he owed her
$1500 or $1600, but they, doubtless, referred to a note she
held against him for money loaned, and which he subsequently
paid, and which is not involved in this case in any manner
whatever.

The question, then, is, whether all the proof of the defend-
ant which we have referred to, tending to prove a contract

between the plaintiff and deceased under which she rendered the services, was fairly overcome by the plaintiff's evidence. If it was, then it was proper for the jury to allow for services rendered,—otherwise it was not. If Bradbury was indebted to the plaintiff, at the time she left, in the sum of $1500, over and above the note she held against him for money loaned, as testified to by Hall, then it was doubtless proper for the jury to find for the plaintiff for her services. But we can not believe all the proof of defendant tending to establish that deceased was not to pay plaintiff for services, other than furnishing a home and board for her and her children, and material for clothing, was overcome by the proof of the mere declaration of deceased, in the presence of Hall. The great preponderance of the proof is so clearly with the defence upon this branch of the case, that we can not but believe the jury has misapprehended the testimony.

That the plaintiff was a true and faithful servant to Bradbury during the eleven years she remained with him, is not denied. That a short time before Bradbury's death he took shelter in plaintiff's house, and during his last sickness was watched over and nursed by her until he died, is not controverted. For these last services she should be well paid; but as to the other services, if rendered under the agreement which the preponderance of the proof seems to establish, then she has been paid, and no other compensation can be allowed. During the eleven years the plaintiff was with Bradbury, she had a home for herself and children, and the material from which they obtained clothing. When she went to his house, as the proof shows, she had nothing; but when she left she took away a mare and colt, one cow, and two loads of household goods. These things were not obtained from her pension money, as that had been loaned out to Bradbury, and she held his note for the same. These facts would seem to indicate that Bradbury had dealt fairly with the plaintiff, and although she labored well for him she has been compensated for her services.

In conclusion, we are of opinion the verdict is not sustained by the evidence, and the cause ought to be submitted to another jury.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*