LEVERETT B. SIDWAY

*v.*

THE SOUTH PARK COMMISSIONERS.

*Filed at Ottawa May 12, 1887.*

OFFICER—*right to compensation for services beyond his salary.* The South Park Commissioners directed their auditor, whose salary for his services as such was fixed at $3000, (the highest amount allowed by law,) to procure a loan of $100,000 for their use, which he did. There was no promise to pay him anything for this service, either express or implied, at the time or before it was rendered. He claimed commissions on the loan, with interest, and brought suit for the same: *Held,* that he was not entitled to anything for such service beyond his fixed salary as auditor.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. ROBERTS & HUTCHINSON, for the appellant:

The service was not within those devolved upon him as an officer, and he was therefore entitled to pay for the same. *Cheeney* v. *Railway Co.* 68 Ill. 576; *Railway Co.* v. *Cheeney,* 87 id. 446; *Holden* v. *Railroad Co.* 71 id. 106; *Gridley* v. *Railway Co.* 71 id. 206.

Mr. JOSEPH F. BONFIELD, for the appellee:

The South Park Commissioners is a municipal corporation. *People* v. *Salomon,* 51 Ill. 52.

The commission had no power to pay appellant for the services rendered. He was at that time the auditor of that body, receiving a salary for his services, of $3000 per annum. Having been voted, and having received, this salary for his services, to the full limit of the authority conferred by the act, any attempt to increase that compensation would be an act *ultra vires* the commission, and void.

The appellant was directed, by appellee, to perform this service as auditor, and not in any other capacity. "Resolved, That L. B. Sidway, auditor, be and he is instructed to negotiate a loan of $100,000, on such terms as he may think to the best interest of the commission, and that certificates of indebtedness for that amount be issued to the parties from whom the loan is made."

The power to vote this compensation is also expressly prohibited by the constitution of the State. "The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office, shall be increased or diminished during such term of office." Const. art. 9, sec. 11.

The claim of appellant is in violation of the constitution. "The General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or contract made." Const. art. 4, sec. 19; *LaSalle* v. *Blanchard*, 1 Bradw. 635.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought by Leverett B. Sidway, against the South Park Commissioners, to recover certain commissions alleged to be due him for procuring a loan of $100,000 for defendants. At the time plaintiff procured the loan he was himself one of the park commissioners, and had been appointed, by the board, auditor of that body, and was acting in that capacity. His salary, as auditor, was fixed at $3000, and section 2 of the Park act provides, the auditor of the

board shall receive a salary not exceeding $3000.   It seems, the board, by resolution, instructed plaintiff, then auditor, to negotiate the loan required, on such terms as he might think to the best interests of the commissioners.   It was under the authority of that resolution plaintiff secured the loan for defendants for which he now seeks to recover a compensation in the nature of commissions.   By agreement, the cause was tried by the court without a jury, and the court found the issues for defendants.   The motion made for a new trial was overruled, and judgment rendered for defendants, to which ruling of the court plaintiff excepted.   The judgment of the circuit court was affirmed by the Appellate Court for the First District, and plaintiff brings the case to this court on his further appeal.

No questions of law were raised by plaintiff at the trial in the circuit court, by propositions submitted to the court to be held or refused to be law, as applicable to the facts, or otherwise.   It is apparent, then, that no questions of law can be considered in this court, other than plaintiff's right, as a matter of law, to recover on the facts, as the same were found by the trial and Appellate Courts.   It seems the Appellate Court found as a fact in the case, "that the services for which this suit was brought, were rendered without any promise on the part of the appellee, before or at the time the services were rendered, either expressed or implied, to pay appellant for said services, beyond the compensation received by him as auditor."   As has been seen, plaintiff, at the time, was himself a member of the board of commissioners, and was its auditor, and conceding the facts to be as the Appellate Court has found them to be, the law is well settled there could be no recovery, and the judgment of the Appellate Court must be affirmed.   *Cheeney* v. *Lafayette, Bloomington and Mississippi Ry. Co.* 68 Ill. 570; *Holder* v. *Lafayette, Bloomington and Mississippi Ry. Co.* 71 id. 106, and other cases in this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*