A. B. MATTHEWS *et al.*, Respondents, v. UNION PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 18, 1896.

1. **Trial Practice:** DUPLICATE INSTRUMENT: SECONDARY EVIDENCE: NOTICE TO PRODUCE. Where an original instrument in the custody of the plaintiff is destroyed, he can not give parol evidence of its contents when the duplicate is in the possession of the defendant, unless the defendant refuses to produce it after proper notice; and, after its production by the defendant, further secondary evidence of its contents should not be allowed and all prior secondary evidence should be withdrawn.

2. ———: PLEADING AND PROOF: VARIANCE. The evidence in this case is insufficient to establish a *prima facie* case and disproves the allegation in the petition.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED.

*Beebe & Watson* for defendant.

(1) Plaintiffs sued defendant for violation of its contract of shipment of plaintiffs' stock from Danne-

brog, Nebraska, to Little Blue, Missouri. The proof showed that the stock was shipped under a written contract, from Dannebrog, Nebraska, to Kansas City, Missouri, and the defendant complied with this contract. The overwhelming weight of the evidence shows defendant carried out the contract it made. (2) The court erred in admitting parol evidence of the contract of shipment, because that contract was executed in duplicate. Where an instrument is executed in duplicate or triplicate, or more parts, the loss of all the parts must be proved, in order to let in secondary evidence of the contents. Greenleaf on Evidence, sec. 558, and cases cited. The duplicate having been produced, secondary evidence was not admissible to vary or alter its terms, because all duplicates are originals. *Barr v. Armstrong*, 56 Mo. 587; 7 Am. and Eng. Encyclopedia of Law, p. 85.

*C. M. Clarke* and *W. L. Stocking* for respondents.

(1) The court did not err in admitting parol evidence of the contract of shipment. It is not disputed that the contract of shipment was destroyed by defendant's agent; plaintiff Burkholder so testifies and so does defendant's only witness, Carlson, though he has previously sworn that he had not destroyed it. Plaintiff Burkholder also swore most positively that the paper produced by appellant was not the original or a duplicate. (2) It certainly is shown by the evidence that there was no attempt to deliver the horses to respondent in Kansas City, Missouri, according to the contract which appellants claim to have made. The chutes or terminal point of defendant are in Kansas as shown by the evidence; and without any attempt to notify the consignor of the arrival of the stock, the horses were placed in the pens of the stock yards com-

pany in Missouri, from which respondent had to reple-
vin them.

SMITH, P. J.—The plaintiffs sued the defendant
for breach of a contract of affreightment, by which the
defendant agreed, within a reasonable time, to safely
carry twenty-eight head of mares from Dannebrog, in
the state of Nebraska, by way of St. Joseph and Grand
Island, to Little Blue station, in Jackson county, in
this state.

There was a trial of the cause, in which the plaintiffs
had judgment and defendant appealed.

It was disclosed by the testimony of the plaintiff,
Burkholder, that the contract sued on was in writing
and had been executed in duplicate, one of which was
indorsed "original" and was delivered to plaintiff; and
the other indorsed "duplicate" was retained by the
defendant. This witness testified that the original,
which was delivered to him, was destroyed by the de-
fendant, and another contract executed by both parties
and then delivered to him. He further testified that
this new contract did not correspond in its terms and
provisions with that destroyed. The plaintiffs ignored
the new contract and did not claim that their action
was based on it, but on that destroyed. Without
notice to the defendant requiring the production by it
of the duplicate copy of the destroyed original, the
court permitted said Burkholder to testify as to the
contents of the latter contract.

The rule is that when an instrument is executed in
duplicate, the loss of all the parts must be proved, in
order to let in secondary evidence of the contents. 1
Greenl. Ev., sec. 558. And it must follow, as a neces-
sary legal sequence, that where the original in custody
of one of the litigating parties be destroyed, he can not
give parol proof of its contents when the duplicate is

in the possession of the other party, unless such other party refuses to produce it after proper notice for that purpose. 7 Am. and Eng. Encyclopedia, arts. 71, 72, pp. 87, 88. These two papers were of equal dignity. Each was primary evidence, and until the loss or destruction of both was shown, their contents could not be proved by secondary evidence.

During the progress of the trial the defendant introduced what was conceded to be the duplicate copy of the destroyed original contract, and also a copy of the new original—the latter having been furnished by defendant. The recitals in the two instruments were precisely alike in every particular. The only variation was in the indorsements on the back thereof. That on the duplicate read: "For one car horses from Dannebrog, Neb., to So. Omaha. Date Sept. 24, 1889;" while that on the new original read: "For one car horses from Dannebrog, Neb., to Kansas City, Mo. Date Sept. 24, 1889." These indorsements were no part of the contract and cut no figure whatever in the controversy. It was provided in both that the defendants had "received from plaintiff Burkholder one car of horses, to be transported from Dannebrog Station to Kansas City, Mo., station." In neither was there any undertaking by defendant to transport the plaintiffs nearer to "Little Blue" station, in Jackson county, in this state. It is true that the plaintiffs informed the defendant's agent that they wished to transport their mares from Dannebrog station to that at Little Blue, but it appears from the contract that the defendant did not agree to transport plaintiffs' mares further than Kansas City.

After it was disclosed by the testimony that the defendant was in possession of the duplicate of the destroyed original contract, the court should not have let in further secondary evidence of its contents, but

should have directed that already received to be excluded from the consideration of the jury.

Laying aside the evidence just referred to, and which we think should have been rejected, and that remaining is insufficient to establish a *prima facie* case for plaintiffs, under the allegations of their petition. The allegation that defendant agreed to transport plaintiffs' mares from Dannebrog station to that at Little Blue instead of being proved, is disproved by the written contract.

It is conceded by the plaintiffs that their third instruction, which directed the allowance of interest by the jury, was erroneous.

The instruction given by the court of its own motion was not authorized by the pleadings, but should the plaintiffs amend their petition by correctly alleging the contract, we see no reason why such an instruction may not, with entire propriety, be given at another trial.

It is needless to say that the plaintiffs' first and second instructions, while within the limits of the allegations of the petition, were not supported by any legitimate evidence, and should not be given in their present form, if the cause should be tried again.

It results that the judgment must be reversed and cause remanded.   All concur.