C. C. CATRON, Respondent, v. GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Appellant.

Kansas City Court of Appeals, November 23, 1896.

1. **Insurance: NOTICE: PROOFS OF LOSS: DUPLICATE.** In an action on an insurance policy plaintiff testified that on the day after the fire he sent a notice by mail to the company. He also read in evidence a duplicate of the proofs of loss which he sent by registered letter, which duplicate though marked "copy" had been carefully compared with that sent. At the taking out of the insurance there was a $2,000 incumbrance on the land, although the deed of trust represented it to be $4,000, which it originally was, and the deed further contained a mistake as to whom the debt was due. *Held,*

(1) The plaintiff was entitled to go to the jury and a demurrer was properly overruled.

(2) The duplicate proof of loss was properly admitted in evidence.

(3) There was evidence sufficient to sustain the finding of the jury as to the amount of the incumbrance.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Harrison & Harrison* for appellant.

(1) At the close of the evidence the court should have taken the case from the jury. As the plaintiff did not show that he had complied with the terms and conditions of the policy, and as alleged in plaintiff's petition, that he furnished proofs of loss to defendant, at its office in Freeport, Illinois, within thirty days after the fire. For over the objection of the defendant, the court admitted as evidence, purported copy of proofs of loss without accounting for the original, which was manifest error. *Sheehan v. Ins. Co.*, 53 Mo. App. 351, at 355$\frac{1}{3}$, and authorities there cited; *Coffman v. Fire Ins. Co.*, 57 Mo. App. 647, at 650; *Price v. Hunt*, 59 Mo. 258, at 261$\frac{2}{3}$. Plaintiff did not show that he gave the notice until over twenty days after the fire, which as a matter of law when unexplained is too late. *La Force v. Ins. Co.*, 43 Mo. App. 518, at 527, and authorities cited. And, whenever the special law of the notice prescribes the form, time, and manner in which it is to be given, especially when a forfeiture may result, the party to be affected will, as a general rule, not be bound by a notice given in any other form, time, or manner. *Siebert v. Chosen Friends*, 23 Mo. App. 268, at 272$\frac{2}{3}$. (2) The representations in the application are made warranties. Plaintiff stated there was $2,000 incumbrance on his property. The deed of trust offered in evidence shows that the incumbrance was $4,000. *Crook v. Ins. Co.*, 38 Mo. App. 582. (3) The application is dated

June 8, 1892, and reads: "Incumbrance, $2,000; due in 1894." Plaintiff claims that the $2,000 note has not yet been paid off. The fire occurred January 27, 1895. *Holloway v. Ins. Co.*, 48 Mo. App. 1, at 5; *Pease v. Houston*, 47 Mo. 227; *Riddick v. Grassman*, 49 Mo. 389: *Siemers v. Schrader*, 88 Mo. 23; *Gardner v. Matthews*, 11 Mo. App. 274; *Bank v. Hunt*, 25 Mo. App. 170.

*Knowles & Stokes* for appellant.

(1) Although the paper sent to appellant is called the "original" and the one retained by the respondent "a copy" by the witnesses, yet the evidence shows they were both made out at the same time and compared and were exactly alike. One was as much the copy as the other and one was as much the original as the other—they were duplicates. A duplicate is defined as "a document essentially the same as some other document, executed in duplicate in order that each may have an original." Rapalje and Lawrence Law Dictionary, page 424. These two papers, in a legal sense, stood in the relation of duplicates—one as high as the other. They were, in all respects, the same. *Barr v. Armstrong*, 56 Mo. 586, 587. There are three cases where an exception is made to the general rule requiring notice to produce the original instrument before proving the contents of such instrument: *First*, where the instrument to be produced and that to be proved are duplicate originals. *Second*, where the instrument to be proved is itself a notice. *Third*, where from the nature of the action the defendant has notice that the plaintiff intends to charge him with possession of the instrument. 1 Greenleaf on Evidence, sec. 561, page 605. *Barr v. Armstrong*, 56 Mo. 586, 587; *Hughes v. Hayes*,

4 Mo. 209. Proof of loss is no more nor less than a notice and, therefore, comes within the second exception to the general rule requiring notice to produce. (2) The respondent was only required to prove that he furnished the appellant proof of loss. In order to do this it was not necessary to prove the contents of the proof of loss, but only that he furnished proof of loss—identifying the paper by name; because he went farther than he was required to do and proved the contents of the paper sent, whether by competent evidence or not, would not be sufficient reason for reversing the case. *Hagan v. Ins. Co.*, 81 Iowa, 321; 46 N. W. Rep. 1114; s. c., 25 Am. St. Rep. 493; 18 S. Rep. 34. (3) The appellant was in possession of such proof of loss in ample time to make objections to the form of proof of loss, if any existed, and having failed to do so, all objections to form, or sufficiency of proof, is deemed waived. *Probst v. Ins. Co.*, 64 Mo. App. 408. This court will not reverse the decision of the trial court because improper evidence was admitted, unless appellant has been injured thereby. *Public School v. Risely*, 40 Mo. 356, and authorities cited. (4) There is absolutely no ground whatever for appellant's contention that there is a breach of the warranty on the ground of misrepresentation of the incumbrance against his land or misrepresentation in any manner, as a careful reading of the evidence and record will clearly and fully convince anyone.

SMITH, P. J.—This is an action on an insurance policy issued by the appellant to the respondent on his dwelling house and furniture, for loss by fire of said property. The petition is in the usual form. The answer contains, *first*, a general denial, and then sets up as a special defense misrepresentations and fraud, and a failure to comply with the terms of the policy in

giving notice and furnishing proof of loss. The plaintiff put in issue by replication the new matter in defendant's answer. The trial resulted in a verdict for the plaintiff and the defendant appealed.

The evidence tends to show that respondent's house and furniture were destroyed by fire on the twenty-eighth day of January, 1895, and on the next day James H. Huffstetter, the appellant's local agent, was at the plaintiff's place of residence and prepared a notice for the plaintiff to be sent to the defendant informing defendant of the loss by fire of the said property, and on the same day the plaintiff sent said notice by mail to defendant at its home office in Freeport, Illinois.

On the nineteenth of Feburary, 1895, the plaintiff went before E. A. Brown, a notary public, and caused two papers to be made out at the same time exactly alike, of proof of loss. One paper marked "a true copy" he retained, the other, on the next day, February 20, he sent by registered letter to defendant, at its home office, and in a few days thereafter received from the postmaster of Freeport, Illinois, receipt for same. The paper sent to defendant is mentioned in the evidence as the "original" and the one retained by plaintiff the "copy" of proof of loss.

Upon the trial, plaintiff offered in evidence the paper so retained by him and the defendant objected to it on the ground that it was a copy and not the original instrument and that no notice had been served upon defendant to produce the original paper. The court, after inquiring of plaintiff as to when and where the two papers were made out, and if they were compared, to see if they were exactly alike, overruled the defendant's objection and admitted the paper in evidence.

Prior to and at the time of taking out said insur-

ance, the plaintiff was the owner in fee of one hundred and eighty acres of land where his dwelling house stood. In 1889 he borrowed $4,000, $2,000 of which was borrowed from the Forest City Bank, and the other $2,000 from George Weber, the president of the bank, and gave as securities, John L. Chuning, J. F. Bridgeman, and B. F. Fleming, and to indemnify them as such securities gave a deed of trust on his said land for $4,000. In the deed of trust, by a mistake, the debt is stated to be due the Forest City Bank, when only $2,000 was due the bank and the other $2,000 was to Mr. Weber, president of the bank. Prior to taking out the insurance, the plaintiff paid off the debt due the bank, leaving only the $2,000 to Mr. Weber unpaid. Each year this debt to Mr. Weber was renewed by the respondent by paying up the interest and taking up the old note and giving a new note with the same securities. These securities did not require any other or different security from the plaintiff and the deed in trust remained upon the record unsatisfied, and while the record showed at the date of taking out the insurance an incumbrance on the farm of $4,000, there was but $2,000, and this an equitable mortgage.

The facts shown by the evidence being substantially as already stated, the defendant's demurrer to the evidence was properly overruled. The plaintiff made out a *prima facie* case entitling him to go to the jury.

The testimony of the plaintiff that he gave the preliminary notice required by the terms of the policy was sufficient to justify the finding of that issue in favor of the plaintiff.

The defendant strenuously objects that the trial court erred in permitting the copy of the proof of loss which the plaintiff mailed to the defendant to be read

in evidence. This objection we do not think well taken. The only objection suggested to the introduction in evidence of the paper purporting to be proof of loss is that it is a copy instead of the original proof of loss furnished the defendant. While designated a copy by the defendant, the evidence tends to show that it was a duplicate. One of these papers was as much the original as the other. They were simultaneously prepared. One was transmitted to the defendant within the time and in the manner required by the policy, while the other that was offered in evidence was retained by the plaintiff. They were of equal dignity. Each was primary evidence. *Mathews v. Railroad*, 66 Mo. App. 663; *Barr v. Armstrong*, 56 Mo. *loc. cit.* 586.

The issue as to whether there was a breach of the warranty in respect to incumbrances on the insured premises was fairly submitted to the jury under the evidence and appropriate instructions. It is true the evidence tending to show the amount of the incumbrance at the time of the application for the policy is somewhat conflicting, yet it is, we think, ample to authorize the finding of that issue for plaintiff.

So far as we are able to discover, no error prejudicial to the defendant was committed by the court below in the trial of the cause, so that it results that the judgment must be affirmed. All concur.