KATE GILLEN, Respondent, v. MICHAEL HALEY
et al., Appellants.

Kansas City Court of Appeals, December 7, 1914.

ADMINISTRATORS: Services Rendered Deceased: Value: Evidence: Present. To establish a claim against an estate for nursing, housekeeping and attending to business for the deceased there must be proof of the value of such service. (Cases discussed). Evidence that the deceased stated she was going to make the claimant a *present* of a piece of real estate is not evidence of value.

Appeal from Clay Circuit Court.—*Hon. Frank P. Divelbiss*, Judge.

REVERSED AND REMANDED.

*Theodore Emerson, Denton Dunn, Martin E. Lawson,* for appellants.

*James S. Simrall* and *Ernest G. Simrall* for respondent.

ELLISON, P. J.—Plaintiff presented a claim in the probate court of Clay county against the estate of Mary M. Heenan and obtained judgment for $600. On appeal by the administrator to the circuit court she again recovered judgment and the case has been appealed to this court.

The claim is for services during parts of five years, from 1908 to 1913. The parties were cousins, the plaintiff living in Kansas City and the deceased in Liberty, in an adjoining county. There was evidence tending to show that frequently, in each of these years, they were at each others houses for considerable periods of time and that deceased was distressingly afflicted, requiring services of the most menial, as

well as delicate, character; and that plaintiff rendered those services.

There was evidence, too, connected with circumstances and legitimate inferences, which tended to prove, that while there was no express contract to pay, yet that the services were not intended by either party as a gratuity, springing from kindness, affection, or relationship; and that there was an implied contract to pay what such services were reasonably worth. But the difficulty with plaintiff's case is that there was no evidence of the value of her service. That was as important as to show she rendered the service. The record shows the case was only half proven.

The character of the service not only included personal attention to deceased, together with housekeeping, cooking, etc., but likewise attending to business matters and going from home with her. It was once decided (Murray v. Ry. Co., 101 Mo. 236) that the value of the service of an ordinary nurse could be recovered without particular proof, since the value of that character of service was generally known. But that case would not cover this, and besides it has been overruled: Cobb v. Ry. Co., 149 Mo. 609, 630; Slaughter v. Ry. Co., 116 Mo. 269, 276; See also Grafe v. Transit Co., 224 Mo. 232, 274; Brake v. Kansas City, 100 Mo. App. 611, 615; Kaiser v. Transit Co., 108 Mo. App. 708, 711; Bradner v. Rockdale Co., 115 Mo. App. 102, 113; Esque v. United Railway, 174 Mo. App. 317.

In an endeavor to overcome this error plaintiff suggests that there was evidence from which the value could be inferred. We do not think so. There was something stated by a witness to the effect that the deceased was thinking of making a present to plaintiff of a house and lot. The record would not justify us, in any degree of fairness, in considering this as proof of value of the service rendered. The cases cited by

plaintiff are not in point; in each of them there was affirmative proof of value.

The judgment is reversed and the cause is remanded. All concur.