ROBERT T. CHEEK, Respondent, v. NATIONAL LIFE INSURANCE COMPANY OF THE UNITED STATES OF AMERICA, Appellant.

St. Louis Court of Appeals. Argued and Submitted December 5, 1918. Opinion Filed January 7, 1919.

1. MASTER AND SERVANT: Extra Work: Proof of Value: Evidence. Where it appears that plaintiff had entered into a written contract with defendant insurance company, to solicit insurance and collect premiums for that company, and was to and did receive a commission for that work, and whilst so employed, claimed to have rendered extra services, at the instance and request of a general agent of the defendant company, in investigating claims against it, *held*, in an action by him against the insurance company to recover for such extra services, that there was no testimony as to value.

2. ———: ———: ———: ———. And, *held* that the services claimed for are not of such a character that the jury could determine value without testimony.

3. ———: Contract of Employment: Extra Work: Compensation. Where there is no substantial evidence that either the defendant company or its general agent ever contemplated paying for such extra services etc., *held* that plaintiff, a regularly employed servant of defendant, under a stated contract, without substantial evidence of a contract or understanding that he was to be paid for these extra services, cannot recover.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. J. Hugo Grimm*, Judge.

REVERSED.

*Martin T. Farrow* for appellant. *J. B. Boyer* of counsel.

(1) Defendant's request for peremptory instructions 1 and 2 should have been granted, because: 1. Plaintiff failed to prove the value of his services. Van Zandt v. St. Louis Wholesale Grocery Co., —— Mo. App. ——, 190 S. W. 1050; Bradner v. Rockdale Power Co., 115 Mo. App. 102, 91 S. W. 997; Woodward v.

Donnell, 146 Mo. App. 119, 123 S. W. 1004; Dobbin v. Dobbin, —— Mo. App. ——, 204 S. W. 918; Bishop & C. Co. v. Kloss, 177 Mo. App. 412, 164 S. W. 127; Porch v. Pollock, 174 Mo. App. 427, 160 S. W. 815; Gardner v. Atlas Portland Cement Co., —— Mo. App. ——, 193 S. W. 31; Gillen v. Haley, 185 Mo. App. 23, 171 S. W. 638. 2. That part of Kirkwood's agency which it is claimed was delegated to plaintiff involved acts of judgment and discretion and therefore could not be delegated, and the defendant is not liable for services performed under the agency thus unauthorizedly delegated. Hodkinson v. McNeal Machinery Co., 161 Mo. App. 87, 142 S. W. 457; Rector v. H. K. Mulford Co., —— Mo. App. ——, 185 S. W. 255; Winkleback v. National Exchange Bank, 155 Mo. App. 1, 136 S. W. 712; Chouteau Land & Lumber Co. v. Chrisman, 204 Mo. 371, 102 S. W. 973; Meux v. Haller, 179 Mo. App. 466, 162 S. W. 688. 3. Plaintiff failed to show an express promise to pay, which was necessary, owing to the fact that the relationship of principal and agent existed and that the claim is for extra services rendered in the line of the claimant's duties in such matters, if any, as were delegable. (a) If there is no relationship between the parties such as principal and agent or the parental relationship the law will imply a promise to pay for services which the recipient had no reason to suppose were gratuitous. Wagner v. Edison Electric Illuminating Co., 177 Mo. 44, 75 S. W. 966; McDonald v. Redemeyer, 197 Mo. App. 630, 198 S. W. 483; Hartley v. Hartley's Est., 173 Mo. App. 18, 155 S. W. 1099; Kingston v. Roberts, 175 Mo. App. 69, 157 S. W. 1042. (b) If such relationship exists between the parties there is a presumption that the services were not to be paid for, which presumption can only be overcome in so far as services rendered outside of the employee's usual duties are concerned, by evidence showing that under the circumstances the parties must have intended that the services were to be paid for. Wagner v. Edison Electric Illuminating Co., 177 Mo. 44, 75 S. W. 966; Hyde v. Honiter, 175 Mo. App 583,

158 S. W. 83; Wagner v. Edison Electric Illuminating Co., 141 Mo. App. 51, 121 S. W. 329; Kingston v. Roberts, 175 Mo. App. 69, 157 S. W. 1042. (c) In so far as services rendered by an employee in the line of his usual employment is concerned, the presumption can be overcome only by an express agreement to pay. N. Y. Life Insurance Co. v. Goodrich, 74 Mo. App. 355; Leach v. Railway Company, 86 Mo. 27, 56 Am. Rep. 408; Bishop, Contracts, sec. 222, quoted and approved in Houghton v. Kittleman, 7 Kas. App. 207, 52 Pac. 898; 18 R. C. L. 534; 25 Cyc., 1036; Annotation 30, L. R. A. (N. S.) 653; Ross v. Hardin, 79 N. Y. 84; Schurr v. Savigny, 85 Mich. 144, 48 N. W. 547; Vorhees v. Combs, 33 N. J. L. 494; Jerome v. Wood, 39 Colo. 197, 88 Pac. 1067; Cooper v. Brooklyn Trust Co., 109 App. Div. 211, 96 N. Y. Supp. 56. (2) Instruction A, given by the court, is erroneous, in that: (a) It authorizes a recovery by plaintiff if the circumstances attending Mr. Kirkwood's request to perform the services were such as to lead a reasonable person to believe and understand that the plaintiff intended to charge the defendant and expected to be paid for his work instead of making it conditional on all the circumstances surrounding the case and the relationship of the parties leading to that belief. Wagner v. Edison Electric Illuminating Co., 141 Mo. App. 51, 121 S. W. 329; Wagner v. Edison Electric Illuminating Co., 177 Mo. 44, 75 S. W. 966; Hyde v. Honiter, 175 Mo. App. 583, 158 S. W. 83. (b) In that it is based upon a wrong status existing between plaintiff and defendant and holds that a reasonable person could have been led to believe that the services were to be paid for; whereas, as a matter of fact, they were services of an agent which could not be delegated. (c) In that it does not advise the jury that there is a presumption that the services were paid for by his usual compensation, which presumption had to be overcome before they could find in favor of the plaintiff. Wagner v. Edison Electric & Illuminating Co., 141 Mo. App. 51, 121 S. W. 329. (3) Instruction B of the court is erroneous, in that: (a) The jury is told that the plain-

tiff's is not bound by any of the terms and provisions of Kirkwood's agency contract unless he had knowledge of its existence and contents at the time he rendered the services. (b) In that it is based on the wrong relationship between the parties and overlooks the fact that the work done could not be delegated. (4) The court erred in refusing to submit to the jury the question of an account stated, as asked to do in defendant's instructions 8 and 9. Alexander v. Scott, 150 Mo. App. 213, 129 S. W. 991; Piper v. St. Louis L. & G. P. Railway Company, —— Mo. App. ——, 200 S. W. 687; Yount v. Spain, —— Mo. App. ——, 180 S. W. 17; Kinman v. Cannefax, 34 Mo. 147; 1 C. J., 690; McCormick v. Inter-State Consolidated Rapid Transit Ry. Co., 154 Mo. 191. (5) The verdict is clearly the result of prejudice and passion and is excessive. Midland Operating Co. v. Miller, 164 N. W. 443. (6) The petition and statement do not state a cause of action. Rechnitzer v. Vogelsang, 117 Mo. App. 148, 151, 93 S. W. 326; Moffitt-West Drug Co. v. Crider, 124 Mo. App. 109, 110, 100 S. W. 1099.

*Wm. A. Kane* for respondent.

(1) Where one person performs services for another at his request, but without any agreement or understanding as to remuneration, the law implies a promise to pay the just and reasonable value thereof. Wood v. Lewis Estate, 167 S. W. 666; Hyde v. Hunter, 158 S. W. 83; McDonald v. Redemeyer, 198 S. W. 483; 40 Cyc. 2813. (2) Where extra services were rendered by an employee, at the request of his master, under reasonable expectation for payment, held under the evidence a question for the jury. Watcham v. Inside Inn Co., 139 S. W. 228; Bradner v. Rockdale Power Co., 115 Mo. App. 102. (3) (a) Where there is any substantial evidence from which an agent's authority may be fairly and reasonably inferred, the question is for the jury. Meux v. Haller, 197 Mo. App. 467; McCloud v. Cribb, 170 Mo. App. 624; Hackett v. Van Frank, 105 Mo. App. 384. (b) Where the principal puts an agent forward

as a general agent, though in a particular line, or places him in a position where others are justified in the belief that his powers are general, the restrictions that may be imposed upon him privately will be immaterial except between himself and the principal. Where an agency has been shown to exist between the parties the facts will be liberally construed in favor of the approval by the principal of the act of the agent, and very slight circumstances will sometimes suffice to raise the presumption of ratification. Plummer v. McKnight, 156 Mo. App. 323. Where an agent is given authority to do certain acts, the law presumes that he is also vested with authority to do all acts which are necessary to the execution of the authority expressly given. St. Louis Gunning Adv. Co. v. Wannamaker & Brown, 115 Mo. App. 279. Where an agent is held out and represented by the principal to have general authority, any secret agreement or understanding between the principal and agent limiting the scope of the agent's authority will not affect the third party having no knowledge thereof. Mitchel v. Sanford, 149 Mo. App. 73. (4) Respondent, who worked for seventeen and one-half years, in the life and accident insurance business, and who made inspections and settled claims for insurance companies for a period of ten years, testified to the work done on each item sued on and placed a valuation of $3.50 as a reasonable value for his services performed on each inspection made. The record shows his qualification to testify as to the value of the services rendered.

REYNOLDS, P. J.—Plaintiff commenced his action before a justice of the peace to recover $125 for services alleged to have been rendered by him in investigating, inspecting and settling claims against the National Life Insurance Company of the United States of America, the employment, as it is averred, coming through one O. P. Kirkwood, general agent for the company at St. Louis. From a judgment in favor of plaintiff before the justice, defendant appealed to the circuit court, where on a trial before the court and a jury a verdict

was returned in favor of plaintiff for $125, judgment following, from which the defendant, the insurance company, has duly appealed.

By the testimony it appears that the plaintiff had entered into a written contract with the defendant insurance company to solicit insurance and collect premiums for that company and was to and did receive a commission for that work. But it is claimed that on various occasions, at the instance and request of Kirkwood, representing the defendant company, he had made investigations into a number of claims against the company by persons insured with it, for each of which investigations he charged $3.50. There was a sharp conflict between the plaintiff and Kirkwood over the question of employment by plaintiff for this work, Mr. Kirkwood claiming that plaintiff undertook it without any promise or understanding that the company would pay him, and for the purpose of learning that branch of the insurance business with a view to taking up that line at Murphysboro, Illinois. Plaintiff denied this and gave evidence in support of the several items in this account and of the time spent in connection with each. But there is no evidence of the value of the services. All the testimony about that is, that the court said to plaintiff, who was testifying, "You put a charge of three dollars and a half for each of your investigations?" To which plaintiff replied, "Yes, sir; that would cover all the travels that I had." This is no testimony as to value. It simply identified the amount and showed that in each item he included or covered traveling expenses. But that does not even tend to prove value. The services claimed for are not of such a character that the jury could determine value without testimony. [Gillen v. Haley, 185 Mo. App. 23, 171 S. W. 638; Van Zandt v. St. Louis Wholesale Grocer Co., 196 Mo. App. 640, 190 S. W. 1050.]

There is no evidence of a promise on the part of Kirkwood, as general agent of the defendant, to pay plaintiff for this extra work. The contract between plaintiff and the company was in evidence and described

his duties and compensation. It is claimed by plaintiff that the services for which he sues were outside of his regular employment.

The contract between Kirkwood and the company, in force at the time plaintiff claims to have performed the special services, appoints Kirkwood its general agent for casualty business in the territory comprising the city of St. Louis and vicinity. It defines and limits the powers of the general agent, fixes his compensation and forbids him to contract any outside expenses unless first duly authorized or duly appointed by the company, and that he shall, promptly, on request, investigate, report upon and render such other services as the company may require to effect the discharge of any claims which may be presented by policy holders in the territory, and attend to all other business that pertains to the business of the agency, in every transaction comply with and adhere to all the published instructions, rules and conditions of the company and such special written and printed instructions as may from time to time be communicated to him. It is further provided in this contract that the agent, in this instance Kirkwood, shall receive as full and complete compensation for all business secured personally, or otherwise, and for all services performed by or required of him, including all renewal commissions, fees, salaries and expenses, of whatever nature, that may be allowed or paid the agent, and all other representatives of the company working under or through him in the territory, in any capacity whatsoever, the following:

This was substantially the contract between Kirkwood and the company. While there is no direct evidence that it was ever brought home to the knowledge of the plaintiff, in fact plaintiff testified that he never knew the terms of this contract and only knew Mr. Kirkwood as the general agent of the company, and did not know that it was the duty of Kirkwood to perform these services, that is, investigate claims, for he says Kirkwood asked him to do it for him, and he

must be charged with knowledge of the law, that Kirkwood, without authority, could not delegate these duties.

But over and above all this, we find no substantial evidence that either the company defendant or Kirkwood ever contemplated paying extra for these services, and the conduct of plaintiff refutes the idea that he expected to charge for them. When plaintiff quit the employment of defendant he made out a due bill, acknowledging that he was indebted to the defendant in about $21. When he rendered his accounts and signed this, he made no claim for extra services. He wrote to the president of the defendant, asking if he could assign or turn over his "debits," that is, commissions due him on business he had written, but said nothing of having any claim against the company for services as here sued for. He brought this action long after he left defendant's employ, during all of which time he made no claim for these services. Under such a state of facts, plaintiff, a regularly employed servant of defendant, under a stated contract, without more evidence of a contract or understanding that he was to be paid for these extra services, cannot recover. [See Wagner v. Edison Elec. Ill. Co., 177 Mo. 44, 75 S. W. 966; New York Life Ins. Co. v. Goodrich, 74 Mo. App. 355, l. c. 362 et seq.; Carrere v. Dun, 41 N. Y. Supp. 34; Bishop on Contracts, sec. 222; 8 R. C. L. 534.]

In this view of the case, it is unnecessary to notice the action of the court on instructions, or on the admission or exclusion of testimony.

The judgment of the circuit court must be and it is reversed.

*Allen* and *Becker, JJ.,* concur.